No. 24-13895

# In the United States Court of Appeals for the Eleventh Circuit

UNITED FACULTY OF SAINT LEO, NATIONAL EDUCATION ASSOCIATION FLORIDA EDUCATION, AMERICAN FEDERATION OF TEACHERS, AFL-CIO,

*Petitioner*,

*v.*

NATIONAL LABOR RELATIONS BOARD,

*Respondent*,

SAINT LEO UNIVERSITY, INC.,

*Intervenor*.

On Petition for Review from the National Labor Relations Board, Case Nos. 12-CA-275612, 12-CA-275617, 12-CA-275639, 12-CA-275640, 12-CA-275641, 12-CA-275642, 12-CA-1275644, 12-CA275645, and 12-CA-284360

**INTERVENOR SAINT LEO UNIVERSITY'S RESPONSE IN OPPOSITION TO MOTION TO VOLUNTARILY DISMISS AND CROSS-MOTION FOR SUMMARY DENIAL OF THE PETITION FOR REVIEW**

Scott T. Silverman
AKERMAN LLP
401 E. Jackson St.
　Suite 1700
Tampa, FL 33602

Amy Moor Gaylord
AKERMAN LLP
71 S. Wacker Dr.
　47th Floor
Chicago, IL 60606

Luke W. Goodrich
Eric C. Rassbach
Daniel L. Chen
Jordan T. Varberg
Benjamin A. Fleshman
THE BECKET FUND FOR
　RELIGIOUS LIBERTY
1919 Pennsylvania Ave, N.W.
　Suite 400
Washington, D.C. 20006
(202) 955-0095
lgoodrich@becketfund.org

*Counsel for Intervenor Saint Leo University*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1, counsel for Intervenor hereby certifies that the following persons and entities have or may have an interest in the outcome of this case:

- Abruzzo, Jennifer A. (counsel for Respondent)
- Akerman, LLP (counsel for Intervenor)
- Annexy, Beatriz (counsel for Petitioner)
- Barclay, Steven (counsel for Respondent)
- Becket Fund for Religious Liberty (counsel for Intervenor)
- Burdick, Ruth E. (counsel for Respondent)
- Chen, Daniel L. (counsel for Intervenor)
- Cohen, David (counsel for Respondent)
- Cowen, William B. (Acting General Counsel, NLRB)
- Egan, Joseph, Jr. (counsel for Petitioner)
- Egan, Lev, & Siwica, P.A. (counsel for Petitioner)
- Fleshman, Benjamin A. (counsel for Intervenor)
- Gaylord, Amy Moor (counsel for Intervenor)
- Giannasi, Robert (Chief Administrative Law Judge, NLRB)
- Goodrich, Luke W. (counsel for Intervenor)
- Habenstreit, David (counsel for Respondent)
- Heaney, Elizabeth Ann (counsel for Respondent)
- Hill, Kelly (counsel for Intervenor)

- Isbell, Kellie (counsel for Respondent)
- Jason, Meredith (counsel for Respondent)
- Kaplan, Marvin E. (Chair, NLRB)
- Lev, Tobe (counsel for Petitioner)
- McFerran, Lauren M. (former Chair, NLRB)
- National Labor Relations Board (Respondent)
- Ohr, Peter Sung (counsel for Respondent)
- Parker, Heidi (counsel for Petitioner)
- Plympton, John W. (counsel for Respondent)
- Prouty, David M. (Board Member, NLRB)
- Rassbach, Eric C. (counsel for Intervenor)
- Saint Leo University, Inc. (Intervenor)
- Sandron, Ira (Administrative Law Judge, NLRB)
- Shelley, Staci Rhodes (counsel for Intervenor)
- Silverman, Scott T. (counsel for Intervenor)
- Siwica, Richard (counsel for Petitioner)
- Sykes, Molly G. (counsel for Respondent)
- United Faculty of Saint Leo, National Education Association Florida Education, American Federation of Teachers, AFL–CIO (Petitioner)
- Varberg, Jordan T. (counsel for Intervenor)
- Wilcox, Gwynne A. (former Board Member, NLRB)
- Zerby, Christopher (counsel for Respondent)

Pursuant to Eleventh Circuit Rule 26.1-3(b), counsel certifies that no publicly traded corporation has an interest in this proceeding.

Pursuant to Federal Rule of Appellate Procedure 26.1(a), Intervenor Saint Leo University, Inc. certifies that it is not publicly traded, that it does not have any parent corporations, and that as a nonprofit corporation it does not issue any stock.

Dated: June 20, 2025

Respectfully submitted,

*/s/ Luke W. Goodrich*

Scott T. Silverman
AKERMAN LLP
401 E. Jackson St.
  Suite 1700
Tampa, FL 33602

Amy Moor Gaylord
AKERMAN LLP
71 S. Wacker Dr.
  47th Floor
Chicago, IL 60606

Luke W. Goodrich
Eric C. Rassbach
Daniel L. Chen
Jordan T. Varberg
Benjamin A. Fleshman
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave, N.W.
  Suite 400
Washington, D.C. 20006
(202) 955-0095
lgoodrich@becketfund.org

*Counsel for Intervenor Saint Leo University*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

ARGUMENT ...................................................................................................... 4

I. The Board's position is "clearly right as a matter of law." ................... 5

II. The Court should not facilitate the Union's gamesmanship. .............. 7

CONCLUSION ................................................................................................. 10

CERTIFICATE OF COMPLIANCE ....................................................................... 11

CERTIFICATE OF SERVICE .............................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bethany Coll.*,
　369 NLRB No. 98 (June 10, 2020) ...................................................... 6

*Carroll Coll., Inc. v. NLRB*,
　558 F.3d 568 (D.C. Cir. 2009) ............................................................ 6

*Clement v. DEA*,
　No. 21-1262, 2022 WL 1701534 (D.C. Cir. May 25, 2022) ................... 4

*Duquesne Univ. of the Holy Spirit v. NLRB*,
　947 F.3d 824 (D.C. Cir. 2020) ............................................................ 6

*Glaxo, Inc. v. Boehringer Ingelheim Corp.*,
　119 F.3d 14 (Fed. Cir. 1997) ........................................................... 4-5

*Groendyke Transp., Inc. v. Davis*,
　406 F.2d 1158 (5th Cir. 1969) ........................................................ 1, 4

*Guanume v. U.S. Att'y Gen.*,
　808 F. App'x 978 (11th Cir. 2020) ...................................................... 4

*Heartland Plymouth Ct. MI, LLC v. NLRB*,
　838 F.3d 16 (D.C. Cir. 2016) .............................................................. 9

*Holyoke Visiting Nurses Ass'n v. NLRB*,
　No. 8-1894, 2009 WL 690091 (1st Cir. Feb. 26, 2009) ........................ 4

*Ixcoy-Itzep v. U.S. Att'y Gen.*,
　No. 21-12446, 2021 WL 4305016 (11th Cir. Sept. 22, 2021) ............ 1, 4

*Johnson v. SEC*,
　No. 23-13499, 2024 WL 1430696 (11th Cir. Apr. 3, 2024) ................... 4

*Lemus-Portillo v. U.S. Att'y Gen.*,
　822 F. App'x 918 (11th Cir. 2020) ...................................................... 4

*NLRB v. Beverly Cal. Corp.*,
  25 F. App'x 427 (7th Cir. 2001) .............................................................. 4

*NLRB v. Catholic Bishop of Chi.*,
  440 U.S. 490 (1979) ................................................................... *passim*

*Universidad Central de Bayamon v. NLRB*,
  793 F.2d 383 (1st Cir. 1985) ................................................................. 6

*University of Great Falls v. NLRB*,
  278 F.3d 1335 (D.C. Cir. 2002) ........................................................ 3, 6

**Other Authorities**

Charlotte Garden, *Toward Politically Stable NLRB
  Lawmaking: Rulemaking vs. Adjudication*, 64 Emory L. J.
  1469 (2015) ............................................................................................ 9

11th Cir. R. 27-1(a)(5) ................................................................................. 3

EIS Office Letter, *Loma Linda Inland Empire Consortium
  for Healthcare Educ.*, No. 31-RC-312064 (NLRB Feb. 7,
  2025) ...................................................................................................... 9

## INTRODUCTION

It is no mystery why Petitioner, United Faculty of Saint Leo ("Union"), is running away from its own petition for review: Its petition is foreclosed by controlling precedent. Over forty years ago, the Supreme Court held that, due to the "guarantees of the First Amendment Religion Clauses," the National Labor Relations Board lacks "jurisdiction over teachers in church-operated schools." *NLRB v. Catholic Bishop of Chi.*, 440 U.S. 490, 507 (1979). Ever since, federal courts have uniformly rejected the Board's attempts to assert jurisdiction over teachers in religious schools.

Undeterred, the Union here asked the Board to assert jurisdiction over the faculty of Intervenor Saint Leo University—the oldest Catholic university in Florida. Applying settled law, the Board refused. The Union then filed this petition for review, asking this Court to do what no federal court has ever done before: order the Board to exercise jurisdiction over teachers in a religious school.

That request is foreclosed as a matter of law. Even the Union now appears to agree—moving to dismiss its own petition, without explanation, after the close of briefing. But when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," the appropriate course is "[s]ummary disposition"—not dismissal. *Ixcoy-Itzep v. U.S. Att'y Gen.*, No. 21-12446, 2021 WL 4305016, at *1 (11th Cir. Sept. 22, 2021) (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)).

Dismissal would be particularly inappropriate here because it would facilitate the Union's costly litigation gamesmanship. The Union has now subjected Saint Leo to over four years of intrusive litigation, which the Supreme Court has warned can itself "impinge on rights guaranteed by the Religion Clauses." *Catholic Bishop*, 440 U.S. at 502. Yet absent a ruling from this Court, nothing would stop the Union from dragging Saint Leo before the Board again as soon as the Board's composition changes.

Accordingly, the Court should reject the Union's belated attempt to evade judicial review and summarily deny its petition for review.

## BACKGROUND

Saint Leo University was founded in 1889 by Benedictine monks, who established the University together with Saint Leo Abbey, a Benedictine monastery and church that thrives at the heart of campus today. AR.920:23-921:7, 1811-13, 2027, 2519. Since its founding, Saint Leo University has proudly remained "rooted in the Catholic faith and in the spirit of [its] Benedictine founders." AR.1818. It publicly communicates its Catholic identity in many highly visible ways, both on campus and online. *See* Intervenor Br. at 11 (collecting examples). Its leadership reflects its Catholic identity. *Id.* at 11-12 (same). And it provides all its community members numerous opportunities to study and live the Catholic faith. *Id.* at 9-10 (same).

In 2020, to strengthen its Catholic identity and bolster its ability to carry out its mission, Saint Leo withdrew recognition of the faculty Union

2

and adopted a shared model of governance in its place. AR.2436, 1718. The Union then filed a complaint with the Board. AR.1270-82.

After six days of in-person hearings, an Administrative Law Judge dismissed the complaint for lack of jurisdiction. The ALJ held that the case was controlled by *Catholic Bishop* and the three-part test of *University of Great Falls v. NLRB*, 278 F.3d 1335 (D.C. Cir. 2002), which "correctly interpreted" *Catholic Bishop*. AR.3631. Under that test, the Board lacks jurisdiction over the faculty of an educational institution that (1) "holds itself out to the public as a religious institution," (2) "is nonprofit," and (3) "is religiously affiliated." AR.3631 (quoting *Great Falls*, 278 F.3d at 1348). The ALJ held that Saint Leo clearly satisfies that test, AR.3627-32, and the Board unanimously agreed, AR.3623-26.

The Union then petitioned this Court for review. Dkt. 1. In its brief, the Union doesn't seriously dispute that *Saint Leo* satisfies the *Great Falls* test. Br. 37. Instead, it asks this Court to adopt a different test (Br. 24)—one that has been expressly rejected by the Board and D.C. Circuit and has never been adopted by any federal court.

After Saint Leo and the NLRB filed their briefs, Dkts. 33, 46, 47, the Union filed a motion for voluntary dismissal of its petition for review. Dkt. 53. Saint Leo now offers this response and cross-motion for summary denial of the petition. Pursuant to Eleventh Circuit Rule 27-1(a)(5), Saint Leo consulted with the Union and Board on this cross-motion, and they object to the requested relief.

## ARGUMENT

"Summary disposition is appropriate where 'the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case[.]'" *Ixcoy-Itzep*, 2021 WL 4305016, at *1 (quoting *Groendyke*, 406 F.2d at 1162).

This Court, and others, have not hesitated to apply this standard to summarily deny petitions for review of agency actions. *See, e.g.*, *Lemus-Portillo v. U.S. Att'y Gen.*, 822 F. App'x 918, 921 (11th Cir. 2020) (summary denial of petition to review order of Board of Immigration Appeals); *Holyoke Visiting Nurses Ass'n v. NLRB*, No. 8-1894, 2009 WL 690091, at *1 (1st Cir. Feb. 26, 2009) (summary denial of petition to review decision of NLRB); *NLRB v. Beverly Cal. Corp.*, 25 F. App'x 427, 429 (7th Cir. 2001) (same); *Clement v. DEA*, No. 21-1262, 2022 WL 1701534, at *1 (D.C. Cir. May 25, 2022) (summary denial of petition to review decision of Drug Enforcement Administration).

This includes denying petitions where the "petition is foreclosed by precedent," *Guanume v. U.S. Att'y Gen.*, 808 F. App'x 978, 980 (11th Cir. 2020), or where the agency correctly determined that it lacked jurisdiction over the petitioner's initial challenge, *cf. Johnson v. SEC*, No. 23-13499, 2024 WL 1430696, at *2 (11th Cir. Apr. 3, 2024) (summary affirmance where district court lacked jurisdiction over complaint against SEC). Summary disposition has also been granted when the appealing party has moved to voluntarily dismiss its own appeal. *See Glaxo, Inc. v.*

4

*Boehringer Ingelheim Corp.*, 119 F.3d 14, at \*1-\*2 (Fed. Cir. 1997) (Table).

That is the appropriate course here. Settled precedent establishes that the Board lacks jurisdiction over Saint Leo. And the Union's attempt to run away from its own appeal only confirms that the Board's position is clearly right as a matter of law. Accordingly, the petition for review should be summarily denied.

## I.  The Board's position is "clearly right as a matter of law."

In a straightforward application of controlling precedent, the Board held that it lacks jurisdiction over Saint Leo. This decision follows directly from an unbroken line of precedent uniformly holding that the Board lacks jurisdiction over teachers in religious schools. *See* Intervenor Br. 19-26.

The precedent starts with *NLRB v. Catholic Bishop,* in which the Supreme Court rejected the Board's attempt to assert jurisdiction over teachers at Catholic high schools. 440 U.S. 490 (1979). The Court explained that Board jurisdiction would raise "serious First Amendment questions" because the "religious character of … church-related schools gives rise to entangling church-state relationships." *Id.* at 503-04. Collective bargaining over "nearly everything that goes on" in a religious school, the Court held, could lead to a "process of inquiry" that would "impinge on rights guaranteed by the Religion Clauses." *Id.* at 502-03.

5

Soon after, the federal circuits began applying *Catholic Bishop* to protect religious universities. The First Circuit's decision in *Universidad Central de Bayamon v. NLRB*, 793 F.2d 383 (1st Cir. 1985) (en banc) was the first to foreclose jurisdiction over faculty at religious universities; it was followed by a trio of D.C. Circuit decisions that reached the same conclusion. *See* Intervenor Br. 21-25. The D.C. Circuit ultimately distilled *Catholic Bishop* into a three-part test (called the *Great Falls* test) for determining when the Board lacks jurisdiction over a religious school. Specifically, it held that the Board lacks jurisdiction when a religious school: (1) holds itself out to the public as a religious institution; (2) is non-profit; and (3) is religiously affiliated. *Great Falls*, 278 F.3d at 1347.

For almost two decades, the Board resisted complying with the *Great Falls* test, adopting various intrusive tests that would allow it to assert jurisdiction over teachers in religious schools. *See* Intervenor Br. 21-26. But each time, the D.C. Circuit rejected those tests, concluding that they "impermissibly intrude[d] into religious matters." *Duquesne Univ. of the Holy Spirit v. NLRB*, 947 F.3d 824, 833-34 (D.C. Cir. 2020) (rejecting the "*Pacific Lutheran* test"); *see also Carroll Coll., Inc. v. NLRB*, 558 F.3d 568, 574 (D.C. Cir. 2009); Intervenor Br. 24-25. Eventually, after repeated losses at the D.C. Circuit, the Board likewise adopted the *Great Falls* test and has followed it ever since. *Bethany Coll.*, 369 NLRB No. 98 (June 10, 2020).

6

The Union doesn't seriously dispute that Saint Leo satisfies the *Great Falls* test. It offers only a conclusory statement with no argument to the contrary. *See* Br. 35-36. For good reason: It is undisputed that Saint Leo is a nonprofit entity affiliated with the Catholic Church, and that the Board identified ample, "undisputed evidence" that Saint Leo "clearly" and "regularly" "holds itself out to the public and to students as a religious institution." AR.3623-24; *see also* Intervenor Br. 26-29.

Instead, the Union asked this Court to do something which no court, in forty-six years since *Catholic Bishop*, has ever done before: order the Board to assert jurisdiction over teachers in a religious school. To do so, the Union argued that this Court should adopt "the *Pacific Lutheran* standard," Br. 24, in direct conflict with the D.C. Circuit, which has rejected that standard, and with the First Circuit, which has rejected Board jurisdiction over religious universities. Intervenor Br. 21-26.

But the Union has never offered a valid, or even nonfrivolous, reason for adopting such an unprecedented course and creating a circuit split. *See* Intervenor Br. 30-34. There is none. And the Union's attempt to run away from its own appeal only confirms as much. Accordingly, the appropriate course is to summarily deny the petition.

**II. The Court should not facilitate the Union's gamesmanship.**

By seeking to dismiss its own petition, the Union is seeking to evade judicial resolution of what it knows is a losing appeal. This Court shouldn't facilitate such gamesmanship. The Union has subjected Saint

7

Leo to over four years of proceedings before the ALJ, the Board, and this Court, including six days of in-person hearings, extensive documentary exhibits, and examination of nine University witnesses. This is not cost-free; as the Supreme Court has warned, "It is not only the conclusions that may be reached by the Board which may impinge on rights guaranteed by the Religion Clauses, but also the very process of inquiry leading to findings and conclusions." *Catholic Bishop*, 440 U.S. at 502.

After the ALJ and Board unanimously rejected the Union's complaint under settled precedent, the Union petitioned this Court for review and filed its opening brief. Saint Leo moved to intervene, retained additional appellate counsel, and filed its own brief. The NLRB also filed its brief requesting denial of the petition. Only now, after subjecting Saint Leo to years of litigation, exhausting significant party and governmental resources, and engaging in extensive appellate briefing, does the Union seek to dismiss its appeal. And it is not hard to see why: the Union wants to evade a judicial ruling that would preclude future attempts to unionize the faculty of Saint Leo and other religious schools in this Circuit.

This is unfortunately a common practice among unions that seek to intrude in religious universities. In *Pacific Lutheran* itself, the union strategically withdrew its petition for unionization after the Board ruled in the Union's favor, insulating that decision from judicial review. *See* Intervenor Br. 24-25. Similarly, in a recent Board proceeding involving

8

Loma Linda University, which is affiliated with the Seventh-day Adventist Church, the union, suspecting an unfavorable result, withdrew its petition before the Board after extensive proceedings, preventing the Board from rendering a final decision. *See* EIS Office Letter, *Loma Linda Inland Empire Consortium for Healthcare Educ.*, No. 31-RC-312064 (NLRB Feb. 7, 2025). The goal is clear: to evade Board and judicial rulings confirming the constitutional limits on agency jurisdiction over religious schools.

Permitting this sort of gamesmanship leaves Saint Leo and other religious universities in a vulnerable position. While Supreme Court and circuit precedent is clear, the Board has a long history of refusing to acquiesce to federal court rulings on the limits of its jurisdiction. *See* Intervenor Br. 21-26 (collecting examples); *Heartland Plymouth Ct. MI, LLC v. NLRB*, 838 F.3d 16, 21-25 (D.C. Cir. 2016) (noting the problems with NLRB nonacquiescence to federal court rulings). The Board is also notorious for changing its legal positions across different presidential administrations. *See* Charlotte Garden, *Toward Politically Stable NLRB Lawmaking: Rulemaking vs. Adjudication*, 64 Emory L. J. 1469, 1471-72 & n.9 (2015). Thus, absent a judicial ruling with respect to Saint Leo, there is nothing stopping the Union from dragging Saint Leo before the Board again once the Board's composition changes. No doubt that is why the Union seeks to evade a judicial ruling here. But that is also why this Court should reject the Union's gamesmanship—and the heavy First

9

Amendment costs it imposes—and summarily deny the fully briefed petition for review.

## CONCLUSION

This Court should deny the Union's motion for voluntary dismissal and grant Saint Leo's motion to summarily deny the petition for review.

Dated: June 20, 2025                                   Respectfully submitted,

                                                      /s/ Luke W. Goodrich

Scott T. Silverman                                    Luke W. Goodrich
AKERMAN LLP                                           Eric C. Rassbach
401 E. Jackson St.                                    Daniel L. Chen
   Suite 1700                                         Jordan T. Varberg
Tampa, FL 33602                                       Benjamin A. Fleshman
                                                      THE BECKET FUND FOR
Amy Moor Gaylord                                         RELIGIOUS LIBERTY
AKERMAN LLP                                           1919 Pennsylvania Ave, N.W.
71 S. Wacker Dr.                                         Suite 400
   47th Floor                                         Washington, D.C. 20006
Chicago, IL 60606                                     (202) 955-0095
                                                      lgoodrich@becketfund.org

*Counsel for Intervenor Saint Leo University*

10

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of 11th Cir. R. 27-1 and Fed. R. App. P. 27(d)(2) because, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), this motion contains 2,230 words.

2. This motion complies with the typeface requirements and type-style requirements of 11th Cir. R. 27-1(a)(11) and Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Century Schoolbook font.

*/s/ Luke W. Goodrich*
Luke W. Goodrich
*Counsel for Intervenor*
*Saint Leo University*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2025, I electronically filed the foregoing motion to with the Clerk of Court via the Court's CM/ECF system. I further certify that all counsel of record are registered CM/ECF users and were served through the CM/ECF system.

*/s/ Luke W. Goodrich*
Luke W. Goodrich
*Counsel for Intervenor*
*Saint Leo University*
