# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

United Faculty of Saint Leo, National
Education Association Florida
Education Association, American
Federation of Teachers, AFL-CIO
*Petitioner*,

v.

National Labor Relations Board,
*Respondent,*

and

Saint Leo Univerity, Inc.,
*Intervenor-Respondent.*

Petition for Review from the Decision and Order of the
National Labor Relations Board entered on September 30, 2024

No.'s 12-CA-275612, 12-CA-284360, 12-CA-275645, 12-CA-275644,
12-CA-275641, 12-CA-275641, 12-CA-275642, 12-CA-275640,
12-CA-275617 and 12-CA-275639

---

## PETITIONER'S REPLY TO INTERVENOR-RESPONDENT'S RESPONSE IN OPPOSITION TO MOTION TO VOLUNTARILY DISMISS PETITION FOR REVIEW

---

Richard Siwica, Esq.
EGAN, LEV & SIWICA, P.A
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400

*Attorneys for Appellant*
United Faculty of Saint Leo, et al

1

# Certificate of Interested Persons
# and
# Corporate Disclosure
# Statement

1. Pursuant to 11th Cir. R. 26.1-3(b), counsel certifies that no publicly traded corporations have an interest in this proceeding.

2. Pursuant to Federal Rule of Appellate Procedure 26.1(a), Petitioner, United Faculty of Saint Leo, et al, certifies that it is not publicly traded, and that it does not have any parent corporations, and that no corporate entity owns 10% or more if its stock.

1. Abruzzo, Jennifer A. (counsel for Respondent)

2. Akerman, LLP (counsel for Intervenor-Respondent)

3. American Federation of Labor-Congress of Industrial Organizations (AFL-CIO) – (Affiliated with United Faculty of Saint Leo)

4. American Federation of Teachers – (Affiliated with United Faculty of Saint Leo)

5. Annexy, Beatriz (counsel for Petitioner)

6. Barclay, Steven (counsel for Respondent)

7. Becket Fund for Religious Liberty (counsel for Intervenor-Respondent)

C1 of 3

2

8. Burdick, Ruth E. (counsel for Respondent)

9. Board, NLRB – Kaplan, Marvin E.

10. Board, NLRB – McFerran, Lauren M.

11. Board, NLRB – Prouty, David M.

12. Board, NLRB – Wilcox, Gwynne A.

13. Chen, Daniel L. (counsel for Intervenor-Respondent)

14. Cohen, David (counsel for Respondent)

15. Egan, Joseph, Jr. (counsel for Petitioner)

16. Egan, Lev, & Siwica, P.A. (counsel for Petitioner)

17. Fleshman, Benjamin A. (counsel for Intervenor-Respondent)

18. Gaylord, Amy Moor (counsel for Intervenor-Respondent)

19. Goodrich, Luke W. (counsel for Intervenor-Respondent)

20. Habenstreit, David (counsel for Respondent)

21. Heaney, Elizabeth Ann (counsel for Respondent)

22. Hill, Kelly (counsel for Intervenor-Respondent)

23. Isbell, Kellie (counsel for Respondent)

24. Jason, Meredith (counsel for Respondent)

25. Judge, NLRB – Giannasi, Robert

26. Judge, NLRB – Sandron, Ira

27. Lev, Tobe (counsel for Petitioner)

28. National Education Association Florida Education – Affiliated with United Faculty of Saint Leo

29. National Labor Relations Board (Respondent)

30. Ohr, Peter Sung (counsel for Respondent)

31. Parker, Heidi (counsel for Petitioner)

32. Plympton, John W. (counsel for Respondent)

33. Rassbach, Eric C. (counsel for Intervenor-Respondent)

34. Saint Leo University, Inc. (Intervenor-Respondent)

35. Shelley, Staci Rhodes (counsel for Intervenor-Respondent)

36. Silverman, Scott T. (counsel for Intervenor-Respondent)

37. Siwica, Richard (counsel for Petitioner)

38. United Faculty of Saint Leo, National Education Association Florida Education, American Federation of Teachers, AFL–CIO (Petitioner)

39. Varberg, Jordan, T., Saint Leo, Inc. (counsel for Intervenor-Respondent)

40. Zerby, Christopher (counsel for Respondent)

No. 24-13895, United Faculty of Saint Leo v. NLRB

# PETITIONER'S REPLY TO INTERVENOR-RESPONDENT'S RESPONSE IN OPPOSITION TO MOTION TO VOLUNTARILY DISMISS PETITION FOR REVIEW

1. The Petitioner has filed a motion to voluntarily dismiss its petition in this cause. Respondent has no objection to Petitioner's motion to voluntarily withdraw. The Intervenor objects to the motion for a variety of spurious reasons. The Court should reject the complaints offered by the Intervenor - who is an unnecessary party in this matter - and grant the motion to withdraw, a motion agreed upon by both the Petitioner and the Respondent.

2. Intervenor first asserts that it is the victim of "gamesmanship" foisted upon it by Petitioner. This claim is absurd. First, it was the Intervenor that voluntarily intervened in this proceeding, and now has the temerity to complain about it. Second, it was the Intervenor that destroyed a longstanding collective bargaining relationship with its own employees, thereby depriving them of the right to collectively bargain. And third, it was the General Counsel to the National Labor Relations Board (NLRB or Board) who deemed Intervenor's conduct a putative violation of the National Labor Relations' Act (NLRA), and, after an extensive investigation, issued a complaint against Intervenor. In these circumstances, Intervenor can hardly be heard to complain that it is somehow the victim of "gamesmanship." If anything, it is Intervenor's employees who have been victimized by Intervenor's gamesmanship.

5

    3. Intervenor next asserts that it is "clearly right" on the merits of the underlying unfair labor practice charge, and Petitioner motion should therefore be denied. Intervenor ignores the fact that the General Counsel to the National Labor Relations Board - the office that determines the substantive labor policy to be pursued under the NLRA - brought the complaint against Intervenor. The General Counsel believed that Intervenor's misconduct could be addressed under existing law and/or via a change to existing law. At any rate, Intervenor was not "clearly right," and Petitioner's motion should be granted.

    4. The timing is ripe for a revisitation of this issue for the reasons urged by D.C. Circuit Judge Pillard in her call for reconsideration of the *Great Falls* test in *Duquesne II*. *See Duquesne Univ. of the Holy Spirit v. NLRB*, 975 F.3d 13, 14-19 (D.C. Cir. 2020) (*Duquesne II*) (Pillard, J., concurring in denial of rehearing en banc for other reasons). In this regard, the Petitioner's Brief in this cause lays out bona fide argument in support of a change in this area of the law. Further, a change was originally pursued by the General Counsel to the NLRB. However, with the recent change to the composition of both the NLRB and the office of the General Counsel, and with the Board frequently failing to acquiesce with the direction of appellate courts in matters of labor law, Petitioner reasonably chose to file its motion to dismiss this cause.

No. 24-13895, United Faculty of Saint Leo v. NLRB

## CONCLUSION

For the foregoing reasons, the Motion to Voluntarily Dismiss the Petition should be granted.

Dated this 27th day of June, 2025.

                              Respectfully submitted by:

                              */s/ Richard Siwica*
                              Richard Siwica, Esq.
                              FL Bar No. 377341
                              EGAN, LEV & SIWICA, P.A
                              Post Office Box 2231
                              Orlando, Florida 32802
                              Telephone: (407) 422-1400
                              Facsimile: (407) 422-3658
                              Primary E-mail: rsiwica@eganlev.com
                              Secondary:  dvaughan@eganlev.com
                                                    wstafford@eganlev.com
                                                    msilva@eganlev.com

                              *Attorney for Petitioners*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(g) because it contains 477 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it

No. 24-13895, United Faculty of Saint Leo v. NLRB

has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*s/ Richard Siwica*  
Richard Siwica, Esq.

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on June 27, 2025, I caused to be filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I further certify that all counsel of records are registered CM/ECF users and were served through the CM/ECF system:

*s/ Richard Siwica*  
Richard Siwica, Esq.

8