UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| UNITED FACULTY OF SAINT LEO, NATIONAL EDUCATION ASSOCIATION FLORIDA EDUCATION, AMERICAN FEDERATION OF TEACHERS, AFL-CIO,<br><br>Petitioner,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>Respondent,<br><br>and<br><br>SAINT LEO UNIVERSITY, INC.<br><br>Intervenor. | Case No. 24-13895 |

**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Eleventh Circuit Rule 26.1, counsel for the National Labor Relations Board hereby certifies that the following persons and entities have or may have an interest in the outcome of this case:

1. Akerman, LLP (counsel for Intervenor-Respondent)

2. American Federation of Labor-Congress of Industrial Organizations (AFL-CIO) (affiliated with Petitioner)

3. American Federation of Teachers (affiliated with Petitioner)

4. Annexy, Beatriz (counsel for Petitioner)

5. Barclay, Steven (counsel for Petitioner)

6. Becket Fund for Religious Liberty (counsel for Intervenor)

7. Burdick, Ruth E. (counsel for Respondent)

8. Cahn, Stephanie (Acting Deputy General Counsel, NLRB)

9. Chen, Daniel L. (counsel for Intervenor)

10. Cohen, David (counsel for Respondent)

11. Cowen, William B. (Acting General Counsel, NLRB)

12. Egan, Joseph, Jr. (counsel for Petitioner)

13. Egan, Lev, & Siwica, P.A. (counsel for Petitioner)

14. Fleshman, Benjamin A. (counsel for Intervenor)

15. Gaylord, Amy Moor (counsel for Intervenor)

16. Giannasi, Robert (Chief Administrative Law Judge, NLRB)

17. Goodrich, Luke W. (counsel for Intervenor)

18. Heaney, Elizabeth Ann (counsel for Respondent)

19. Hill, Kelly (counsel for Intervenor)

20. Jason, Meredith (counsel for Respondent)

21. Kaplan, Marvin E. (Chairman, NLRB)

22. Lev, Tobe (counsel for Petitioner)

23. McFerran, Lauren M. (former Chair, NLRB)

24. National Education Association Florida Education (affiliated with Petitioner)

25. National Labor Relations Board (Respondent)

26. Ohr, Peter Sung (counsel for Respondent)

27. Parker, Heidi (counsel for Petitioner)

28. Plympton, John W. (counsel for Respondent)

29. Prouty, David M. (Board Member, NLRB)

30. Rassbach, Eric C. (counsel for Intervenor)

31. Saint Leo University, Inc. (Intervenor)

32. Sandron, Ira (Administrative Law Judge, NLRB)

33. Shelley, Staci Rhodes (counsel for Intervenor)

34. Silverman, Scott T. (counsel for Intervenor)

35. Siwica, Richard (counsel for Petitioner)

36. Sykes, Molly G. (counsel for Respondent)

37. United Faculty of Saint Leo, National Education Association Florida Education, American Federation of Teachers, AFL–CIO (Petitioner)

38. Varberg, Jordan T. (counsel for Intervenor)

39. Wilcox, Gwynne A. (former Board Member, NLRB)

40. Zerby, Christopher (counsel for Respondent)

Pursuant to 11th Cir. R. 26.1-3(b), counsel certifies that no publicly traded corporation has an interest in this proceeding.

                                      s/ Ruth E. Burdick  
                                      Ruth E. Burdick  
                                      Deputy Associate General Counsel  
                                      NATIONAL LABOR RELATIONS BOARD  
                                      1015 Half Street, SE  
                                      Washington, DC 20570-0001  
                                      (202) 273-2960

Dated at Washington, D.C.  
this 30th day of June 2025

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| UNITED FACULTY OF SAINT LEO, NATIONAL EDUCATION ASSOCIATION FLORIDA EDUCATION AMERICAN FEDERATION OF TEACHERS, AFL-CIO | )<br>)<br>) |
| Petitioner | ) No. 24-13895<br>)<br>) |
| v. | ) Board Case Nos.<br>) 12-CA-275612 |
| NATIONAL LABOR RELATIONS BOARD | )<br>) |
| Respondent | )<br>) |
| and | )<br>) |
| SAINT LEO UNIVERSITY, INC. | )<br>) |
| Intervenor | )<br>) |

## OPPOSITION OF THE NATIONAL LABOR RELATIONS BOARD TO INTERVENOR SAINT LEO UNIVERSITY'S CROSS-MOTION FOR SUMMARY DENIAL OF THE UNION'S PETITION FOR REVIEW

To the Honorable, the Judges of the United States

    Court of Appeals for the Eleventh Circuit:

    The National Labor Relations Board opposes Intervenor Saint Leo

University's cross-motion for summary denial of United Faculty of Saint Leo's (the

Union) petition for review because summary disposition does not best serve or

protect the Board's interests. Rather, voluntary dismissal safeguards against the

petition being denied on grounds inappropriately asserted by the University in its brief to the Court—grounds upon which the Board did not rely in dismissing the complaint. Moreover, voluntary dismissal of the petition for review, as sought by the Union, will bring an expeditious end to the challenge to the Board's decision and conserve both the Board's and the Court's resources.

## BACKGROUND

Following charges filed by the Union, the General Counsel issued an unfair-labor-practice complaint against Saint Leo University, Inc., alleging that the University unlawfully withdrew recognition from the Union and engaged in several other unfair labor practice violations. On September 30, 2024, the Board issued a decision and order finding that it lacked jurisdiction over the University's faculty because the University is a religious educational institution, and the Board dismissed the complaint. In so finding, the Board relied on its decision in *Bethany College*, 369 NLRB No. 98 (2020), which sets forth the test for determining whether the Board has jurisdiction over faculty at a religious university.

The Union petitioned for review of the Board's dismissal, challenging the Board's jurisdictional test and the application of that test to the University. The University intervened in support of the Board. On March 3, 2025, the Union filed its opening brief, and on May 13, 2025, the Board and the University filed their answering briefs.

The Union now seeks to withdraw its petition. On June 20, the Board notified the Court that it does not oppose that request. The University opposes the request and has moved the Court to summarily deny the Union's petition.

## ARGUMENT

### THE COURT SHOULD DENY THE UNIVERSITY'S REQUEST FOR SUMMARY DENIAL AND INSTEAD GRANT THE UNION'S REQUEST TO VOLUNTARILY DISMISS ITS APPEAL

**1.** The University contends that summary denial is warranted as a matter of law. The Board disagrees.

As an initial matter, in its brief to the court, the University asserted additional grounds in support of the Board's dismissal of the complaint on which the Board did not rely. Specifically, the University argued that the Board's assertion of jurisdiction over the University would violate the "church autonomy" doctrine, the First Amendment's Free Exercise clause, and the Religious Freedom Restoration Act. *See* University Intervenor brief, pp. 35-51. In contrast, the Board's dismissal of the complaint was premised on its finding that the University holds itself out as a religious university and, relying on *Bethany College*, that the Board's assertion of jurisdiction would risk infringement of the First Amendment's Religion Clauses. *See Saint Leo Univ.*, 373 NLRB No. 121, slip op. at 1-3 & n.1 (2024). If the Court finds that summary denial is appropriate, "it may enforce the Board's order only on the basis of the reasoning within that order." *Northport*

*Health Servs., Inc. v. NLRB*, 961 F.2d 1547, 1553 (11th Cir. 1992). *See also SEC v. Chenery Corp.*, 332 U.S. 194, 204 (1947) (question on judicial review is "whether the [agency's] action . . . can be justified on the bases upon which it clearly rests"). Thus, the Court, in considering the request for summary denial, cannot consider the additional grounds asserted in the University's brief because the Board's dismissal of the complaint did not rest on those grounds. *See Motor Vehicle Manufacturers Ass'n v. State Farm Mutual Automobile Ins., Co.*, 463 U.S. 29, 50 (1983) ("It is well established that an agency's action must be upheld . . . on the basis articulated by the agency itself.").

In any event, the concerns cited by the University in its cross-motion do not compel summary denial. Citing *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1161 (5th Cir. 1969), the University asserts that the petition can be denied as a matter of law (Cross-Motion at 4-7); however, the Board and the Union have presented dueling views as to whether substantial evidence supports the Board's finding that the University holds itself out to the public as a religious university. *See* Union's opening brief, pp. 34-35, Board's answering brief, pp. 26-32. While the Board believes that its finding is supported by substantial evidence, the Board also recognizes that the finding is a factual issue for the Court to decide.

Summary disposition is also appropriate where "time is of the essence." *Groendyke*, 406 F.2d at 1162. Here, however, if the Court grants the Union's

motion for voluntary dismissal, the Union is and remains bound by the Board's decision that, under *Bethany College*, the Board lacks jurisdiction over the University's faculty. Contrary to the University's concerns (Cross-Motion at 9), the Union cannot "drag[] Saint Leo before the Board" now or in the immediate future. The University's additional concern that the Board will change its legal position and possibly overrule *Bethany College* is speculative. (Cross-Motion at 9.) What is certain, however, is that the jurisdictional test set forth in *Bethany College* remains valid Board precedent.

Moreover, none of the precedent relied on by the University to support summary denial involves the particular context at issue here, namely, where summary denial is requested in the face of a pending motion for voluntary dismissal, and where the party requesting the summary denial is the intervenor, not the respondent/appellee.[1] And certainly none of its cited precedent compels summary denial here.[2]

---

[1] The University relies heavily on unpublished decisions to support its request for a summary denial. (Cross-Motion, at 4-5.) Per this Court's Local Rules and Internal Operating Procedures, such caselaw is not binding precedent. *See* Local Rule 36-1 ("Unpublished opinions are not binding precedent[.]"); IOP 7 (explaining that the court "generally does not cite to its 'unpublished' opinions because they are not binding precedent").

[2] The University cites *Glaxo, Inc. v. Boehringer Ingelheim Corp.*, 119 F.3d 14 (Fed. Cir. 1997) (unpublished), as an example of a court granting summary disposition in lieu of granting voluntary dismissal. But *Glaxo* does not compel the Court to do the same here. In *Glaxo*, the Federal Circuit summarily *affirmed* the lower court's

**2.** The Board, as both the agency-respondent and the administrative body whose jurisdictional test is at issue in this appeal, believes its interests are best served with a voluntary dismissal. The Union, by asking the Court to dismiss the petition for review, has indicated that it no longer seeks to contest the Board's ruling. The Court should exercise its discretion to grant that motion because dismissal ensures a timely and efficient end to this case and there is no compelling reason to deny the Union's request.

An appeal "may" be dismissed on an appellant's motion, *see* Fed. R. App. P. 42(b), and there is a "presumption" in favor of dismissal. *Albers v. Eli Lily & Co.*, 354 F.3d 644, 646 (7th Cir. 2004). Such a motion is "generally granted," but may be denied on "rare occasion" in the interests of justice or fairness. *Am. Auto Mfrs. Ass'n v. Commissioner, Dep't of Environmental Protection*, 31 F.3d 18, 22 (1st Cir. 1994) (citation omitted). Thus, a court may, in its discretion, deny an appellant's motion to dismiss if there is evidence of manipulation, *see United States v. State of Washington, Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978) (declining to deny appellant's motion to dismiss absent evidence that appellant sought dismissal

---

decision in the face of a competing motion by the appellant to voluntarily dismiss the appeal "without prejudice to reinstatement." *Id.* at *1. Moreover, in that case, the appellant asserted its plan to continue challenging the underlying lower court decision, *id.*, which the Union has not done here.

to evade determination of certain questions), or if the court has invested significant resources and time deciding the appeal, *In re Nexium*, 778 F.3d 1, 2 (1st Cir. 2015).

The University has shown no circumstances here that evidence manipulation or a waste of the Court's resources. The Board's standard for determining jurisdiction over religious universities, which the Union sought to contest on appeal, is and remains valid and binding Board precedent. *See Am. Auto*, 31 F.3d at 22-23 (granting dismissal will not shield claims from scrutiny). Put another way, the Union cannot be accused of dismissing the appeal to "manipulate the formation of precedent" because the Union remains bound by the Board's holding in *Bethany College*. *Nexium*, 778 F.3d at 1-2.

Further, the Board, as the agency defending its dismissal, benefits from the Union's acquiescence in the Board's order and will not have to expend additional funds defending its position in court. Moreover, the dismissal comes before the Court has spent considerable time or resources deciding the case. The appeal was only recently briefed, and oral argument has not been scheduled. *Compare Ford v. Strickland*, 696 F.2d 804, 807 (11th Cir. 1983) (denying motion to dismiss where case had been fully briefed, parties had participated in "extended oral argument," and court had engaged in "several months of deliberation").

In sum, contrary to the University's claims, the most expeditious resolution of this case is to grant the Union's request to voluntarily dismiss the appeal. That

request demonstrates the Union's acquiescence with the Board's jurisdictional ruling and thus serves the Board's interest.  Voluntary dismissal also allows for a more efficient use of the Court's resources, as the Court can dispense with oral argument and writing a decision.

      WHEREFORE, the Board respectfully requests that the Court deny the University's cross-motion for summary denial.

                                    s/ Ruth E. Burdick
                                    Ruth E. Burdick
                                    Deputy Associate General Counsel
                                    NATIONAL LABOR RELATIONS BOARD
                                    1015 Half Street, SE
                                    Washington, DC 20570-0001
                                    (202) 273-2960

Dated at Washington, D.C.
this 30th day of June 2025

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| UNITED FACULTY OF SAINT LEO, NATIONAL EDUCATION ASSOCIATION FLORDIA EDUCATION, AMERICAN FEDERATION OF TEACHERS, AFL-CIO<br><br>Petitioner<br>v.<br><br>NATIONAL LABOR RELATIONS BOARD<br><br>Respondent<br><br>And<br><br>SAINT LEO UNIVERSITY, INC. | No. 24-13895<br>Board Case No.<br>12--CA-275612 |

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d), the Board certifies that this motion contains 1,717 words of proportionally-spaced, 14-point type, and the word processing system used was Microsoft Word 365.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570-0001
(202) 273-2960

Dated at Washington, DC
this 30th day of June 2025

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| UNITED FACULTY OF SAINT LEO, NATIONAL EDUCATION ASSOCIATION FLORIDA EDUCATION, AMERICAN FEDERATION OF TEACHERS, AFL-CIO ) ) ) ) ) ) | |
| Petitioner ) | |
| v. ) ) | No. 24-13895 Board Case No. |
| NATIONAL LABOR RELATIONS BOARD ) ) | 12-CA-275612 |
| Respondent ) ) | |
| And ) ) | |
| SAINT LEOUNIVERSITY, INC ) ) | |
| Intervenor. ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 30th day of June 2025