No. 24-13895, United Faculty of Saint Leo v. NLRB

## IN THE UNITED STATES COURT OF APPEALS FOR
## THE ELEVENTH CIRCUIT

United Faculty of Saint Leo, National
Education Association Florida
Education Association, American
Federation of Teachers, AFL-CIO
*Petitioner*,

v.

National Labor Relations Board*,*
*Respondent,*

*and*

Saint Leo University, Inc.,
*Intervenor-Respondent.*

Petition for Review from the Decision and Order of the
National Labor Relations Board entered on September 30, 2024

No.'s 12-CA-275612, 12-CA-284360, 12-CA-275645, 12-CA-275644,
12-CA-275641, 12-CA-275641, 12-CA-275642, 12-CA-275640,
12-CA-275617 and 12-CA-275639

_____

## PETITIONER'S RESPONSE TO INTERVENOR-RESPONDENT, SAINT
## LEO'S, MOTION TO SUMMARILY DENY
## PETITION FOR REVIEW

_____

Richard Siwica, Esq.
EGAN, LEV & SIWICA, P.A
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400


*Attorneys for Appellant*
United Faculty of Saint Leo, et al

No. 24-13895, United Faculty of Saint Leo v. NLRB

## Certificate of Interested Persons
## and
## Corporate Disclosure
## Statement

1.      Pursuant to 11th Cir. R. 26.1-3(b), counsel certifies that no publicly traded corporations have an interest in this proceeding.

2.      Pursuant to Federal Rule of Appellate Procedure 26.1(a), Petitioner, United Faculty of Saint Leo, et al, certifies that it is not publicly traded, and that it does not have any parent corporations, and that no corporate entity owns 10% or more of its stock.

1.      Abruzzo, Jennifer A. (counsel for Respondent)

2.      Akerman, LLP (counsel for Intervenor-Respondent)

3.      American Federation of Labor-Congress of Industrial Organizations (AFL-CIO) – (Affiliated with United Faculty of Saint Leo)

4.      American Federation of Teachers – (Affiliated with United Faculty of Saint Leo)

5.      Annexy, Beatriz (counsel for Petitioner)

6.      Barclay, Steven (counsel for Respondent)

C1 of 4

No. 24-13895, United Faculty of Saint Leo v. NLRB

7.    Becket Fund for Religious Liberty (counsel for

Intervenor-Respondent)

8.    Burdick, Ruth E. (counsel for Respondent)

9.    Board, NLRB – Kaplan, Marvin E.

10.    Board, NLRB – McFerran, Lauren M.

11.    Board, NLRB – Prouty, David  M.

12.    Board, NLRB – Wilcox, Gwynne A.

13.    Chen, Daniel L. (counsel for  Intervenor-Respondent)

14.    Cohen, David (counsel for Respondent)

15.    Egan, Joseph, Jr. (counsel for Petitioner)

16.    Egan, Lev, & Siwica, P.A. (counsel for Petitioner)

17.    Fleshman, Benjamin A. (counsel for  Intervenor-Respondent)

18.    Gaylord, Amy Moor (counsel for Intervenor-Respondent)

19.    Goodrich, Luke W. (counsel for Intervenor-Respondent)

20.    Habenstreit, David (counsel for Respondent)

21.    Heaney, Elizabeth Ann (counsel for Respondent)

22.    Hill,  Kelly (counsel for Intervenor-Respondent)

23.    Isbell, Kellie  (counsel for Respondent)

24.    Jason, Meredith (counsel for Respondent)

C2 of 4

No. 24-13895, United Faculty of Saint Leo v. NLRB

25.    Judge, NLRB – Giannasi, Robert

26.    Judge, NLRB – Sandron, Ira

27.    Lev, Tobe (counsel for Petitioner)

28.    National Education Association Florida Education – Affiliated

with United Faculty of Saint Leo

29.    National Labor Relations Board (Respondent)

30.    Ohr, Peter Sung (counsel for Respondent)

31.    Parker, Heidi (counsel for Petitioner)

32.    Plympton, John W. (counsel for Respondent)

33.    Rassbach, Eric C. (counsel for Intervenor-Respondent)

34.    Saint Leo University, Inc. (Intervenor-Respondent)

35.    Shelley, Staci Rhodes (counsel for Intervenor-Respondent)

36.    Silverman, Scott  T. (counsel for Intervenor-Respondent)

37.    Siwica, Richard (counsel for Petitioner)

38.    United Faculty of Saint Leo, National Education Association

Florida Education, American Federation of Teachers, AFL–CIO

(Petitioner)

39.    Varberg, Jordan, T., Saint Leo, Inc. (counsel for

Intervenor-Respondent)

C3 of 4

4

No. 24-13895, United Faculty of Saint Leo v. NLRB

40.    Zerby, Christopher (counsel for Respondent)

C4 of 4

No. 24-13895, United Faculty of Saint Leo v. NLRB

## INTRODUCTION

For over forty years, Saint Leo University (Intervenor) and United Faculty of Saint Leo University (Petitioner) were parties to a productive collective-bargaining relationship. This ended in 2020, when Intervenor communicated to employees that it would no longer recognize Petitioner as the exclusive bargaining representative of faculty and librarians. Intervenor apparently believed that circumstances had changed so as to permit it to avoid its decades-old obligations to its employees. Petitioner filed an unfair labor practice charge, and the issue of whether the Board had jurisdiction was resolved against Intervenor's employees. A Petition for Review was filed in this court, but with the post-election NLRB without a quorum and other reasons, Petitioner has declined to pursue the litigation.

## PETITIONER'S RESPONSE TO INTERVENOR-RESPONDENT, SAINT LEO'S, MOTION TO SUMMARILY DENY PETITION FOR REVIEW

Intervenor - not a mandatory party to these proceedings - has prematurely filed a meritless Motion to Summarily Deny Petition for Review. It is premature because Petitioner has filed Motion to Voluntarily Dismiss, which remains pending. And, as discussed in connection with Intervenor's objection to Petitioner's Motion to Dismiss, Respondent - the National Labor Relations Board

6

No. 24-13895, United Faculty of Saint Leo v. NLRB

(NLRB) - consents to dismissal; moreover, and, in any event, Intervenor's objection to dismissal is entirely without merit.  For the reasons stated in Intervenor's meritless opposition to the Motion to Dismiss the Petition, Intervenor's Motion to Summarily Deny Petition for Review is likewise without merit.

Indeed, Intervenor's argument in opposition to Petitioner's Motion to Dismiss the Petition which, again essentially the same as the argument it poses in support of its Motion to Summarily Deny Petition for Review.[1] Likewise, the NLRB has not only declined to join Intervenor in its Motion to Summarily Deny Petition for Review, it has *objected* to Intervenor's motion in this regard. Accordingly, Intervenor's Motion should be denied.

1.    Intervenor first asserts that it is the victim of "gamesmanship" foisted upon it by Petitioner. This claim is absurd. As an initial matter, it was Intervenor that withdrew recognition after four decades of employee representation, and apparently expected that its conduct would go without challenge.  Moreover, the General Counsel to the NLRB, after an extensive investigation, deemed Petitioner's charge worthy of pursuing.  In addition to that, the Intervenor voluntarily made itself a part of this proceeding, and now complains about the vicissitudes of litigation. In these circumstances, Intervenor can hardly be heard to

---

[1] Hence, Petitioner hereby incorporates by reference its Response to Intervenor's opposition to Petitioner's Motion to Dismiss.

No. 24-13895, United Faculty of Saint Leo v. NLRB

complain that it is somehow the victim of "gamesmanship" If anything, it is Intervenor's employees who have been victimized by Intervenor's gamesmanship.

2.      Intervenor next asserts that it is "clearly right" on the merits of the underlying unfair labor practice charge, and Petitioner motion should therefore be denied. Intervenor ignores the fact that the General Counsel to the National Labor Relations Board - the office that determines the substantive labor policy to be pursued under the NLRA - brought the complaint against Intervenor; the General Counsel argued that (1) the Board should revert to its previous jurisdictional standard, and (2) in any event find that jurisdiction obtained under the facts of this case under the current standard. In short, the General Counsel believed that Intervenor's misconduct could be addressed under existing law and/or via a change to existing law.[2] At any rate, Intervenor was not "clearly right," and Petitioner's motion should be granted.

3.      The timing was ripe for a revisitation of the jurisdiction test for the reasons urged by D.C. Circuit Judge Pillard in her call for reconsideration of the *Great Falls* test in *Duquesne II.* See *Duquesne Univ. of the Holy Spirit v. NLRB,*

---

[2] In addition to the proper jurisdictional standard, a second issue below involved Intervenor's withdrawal of  recognition from the Union, relying on the Board's then recent decision in *Bethany College*, 369 NLRB No. 98 (June 10, 2020), which had in turn overturned *Pacific Lutheran University*, 361 NLRB 1404 (2014). In short, this is a case where the Respondent had allegedly "falsely identif[ied itself] as religious merely to obtain exemption from the NLRA"—precisely what the *Bethany* test is designed to avoid.  *University of Great Falls v. NLRB*, 278 F.3d 1335, 1344 (D.C. Cir. 2002).

8

No. 24-13895, United Faculty of Saint Leo v. NLRB

975 F.3d 13, 14-19 (D.C. Cir. 2020) (*Duquesne II*) (Pillard, J., concurring in denial of rehearing en banc for other reasons). In this regard, the Petitioner's Brief in this cause lays out bona fide argument in support of a change in this area of the law. Further, a change was originally pursued by the General Counsel to the NLRB. It can hardly be argued that Intervenor's dumping of four decades of employee representation was "clearly right" so as to warrant summary disposition.

<u>CONCLUSION</u>

For the foregoing reasons, including the NLRB's opposition to Intervenor's Motion for Summary Denial, Intervenor's Motion should be denied.

Dated this 30th day of June, 2025.

Respectfully submitted by:

*/s/ Richard Siwica*
Richard Siwica, Esq.
FL Bar No. 377341
EGAN, LEV & SIWICA, P.A
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
Primary E-mail: rsiwica@eganlev.com
Secondary: dvaughan@eganlev.com
               wstafford@eganlev.com
               msilva@eganlev.com

*Attorney for Petitioners*

No. 24-13895, United Faculty of Saint Leo v. NLRB

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(g) because it contains 793 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*s/ Richard Siwica*
Richard Siwica, Esq.

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on June 30, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I further certify that all counsel of records are registered CM/ECF users and were served through the CM/ECF system:

*s/ Richard Siwica*
Richard Siwica, Esq.
